IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHINE NYAN TUN,<br><br>Petitioner,<br><br>v.<br><br>RAFAEL ZUNIGA,<br><br>Respondent. | Case No. 1:14-cv-01810 MJS (HC)<br><br>**ORDER REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>[Doc. 21] |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 4, 8.) Pending before the Court is Respondent's February 26, 2015 motion to dismiss the petition as moot. (ECF No. 21.) Petitioner did not file a response to the motion.

**I.     BACKGROUND**

Petitioner, a federal inmate, was formerly housed at Taft Correctional Institution ("TCI"). He challenges the disallowance of twenty-seven (27) days of good conduct time credit that he suffered as a result of a prison disciplinary finding made at TCI on or about April 19, 2013. Petitioner was engaged in prohibited conduct, namely fighting with other inmates. (Pet., Ex. 2.) Petitioner challenges the loss of time credits and seeks

1

invalidation of the sanctions. Petitioner claims that because the disciplinary hearing officer (DHO) was not an employee of the Federal Bureau of Prisons (BOP) and thus lacked the authority to conduct the disciplinary hearings and make findings resulting in punishment, including disallowance of good time credit, Petitioner suffered a violation of his right to due process of law. (Id. at 3.)

Respondent moves for dismissal of the petition as moot because the disciplinary charges were reheard on July 24, 2014, by a certified disciplinary hearing officer of the BOP. At the rehearing, the BOP DHO found that Petitioner had committed the prohibited act of fighting. Petitioner was again sanctioned with a loss of twenty-seven (27) days of good conduct time credits and two months of disciplinary segregation. (Carol Cole Decl., Attachs. 1-3, ECF No. 21-1.)

## II.    **MOOTNESS**

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71, 104 S. Ct. 373, 78 L. Ed. 2d 58 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)). Mootness is jurisdictional. See, Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied. Spencer v. Kemna, 523 U.S. 1, 18, 118 S. Ct. 978, 140 L. Ed. 2d 43.

Here, documentation submitted by Respondent in support of the motion to

dismiss demonstrates that the claim initially alleged by Petitioner is no longer in controversy. The charge was reheard by an officer who had the precise qualifications that Petitioner had alleged were required by principles of due process of law and the pertinent regulations. It is undisputed that the findings and sanctions that constituted the object of Petitioner's challenge in the petition have now been superseded by the findings and sanctions of the certified BOP DHO.

When, because of intervening events, a court cannot give any effectual relief in favor of the petitioner, the proceeding should be dismissed as moot. Calderon v. Moore, 518 U.S. 149, 150, 116 S. Ct. 2066, 135 L. Ed. 2d 453 (1996). In the present case, it appears that the only relief that Petitioner sought was invalidation of the findings and associated sanctions. It has been demonstrated that the rehearing of the incident report by an indisputably qualified DHO has effectuated the relief sought by Petitioner. Thus, it is no longer possible for this Court to issue a decision redressing the injury.

In summary, Petitioner has not asserted any factual or legal basis that would preclude a finding of mootness. The Court thus concludes that the matter is moot because the Court may no longer grant any effective relief. See, Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (holding that a habeas claim was moot where a former inmate sought placement in a community treatment center but was subsequently released on parole and no longer sought such a transfer); Kittel v. Thomas, 620 F.3d 949 (9th Cir. 2010) (dismissing as moot a petition seeking early release where the petitioner was released and where there was no live, justiciable question on which the parties disagreed).

Accordingly, the motion to dismiss the petition as moot is granted.

### III. CERTIFICATE OF APPEALABILITY

"The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a [certificate of appealability] in order to appeal the denial of a § 2241 petition." Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008). "Nor is there any other statutory basis for imposing a [certificate of appealability] requirement on legitimate § 2241

petitions. Although state prisoners proceeding under § 2241 must obtain a [certificate of appealability], see § 2253(c)(1)(A), there is no parallel requirement for federal prisoners." Id.

Accordingly, because Petitioner is a federal prisoner bringing a legitimate § 2241 petition, a certificate of appealability is not required.

**IV.  ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1) Respondent's Motion to Dismiss be GRANTED;

2) The petition for writ of habeas corpus be DISMISSED as moot; and

3) The Clerk be DIRECTED to close the action.

IT IS SO ORDERED.

Dated:  April 7, 2015                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE